## CROMWELL, HAIGHT & CO. v. KIDD & CO.

1. A direction to the holder of a note, "to return it to R S & Co., our agents in Mobile, who will pay it on presentation," is a declaration, that the note will be paid by R S & Co. on presentation, and does nót make R S & Co. the agents of the holder when the note is returned to them, whatever may have been their relation to the holder in regard to the note previously.

Error to the Circuit Court of Shelby. Before the Hon. G. D. Shortridge.

Assumpsit by the plaintiffs in error. From a bill of exceptions, it appears that the action was founded on a note of the defendants, payable to the plaintiffs, nine months after date, at the office of Rhea, Sykes & Co., Mobile, Alabama. That it was protested for non-payment, and placed in the hands of an attorney for collection. That whilst in his hands, defendants wrote to plaintiffs, who resided in New York, to "return the note to Rhea, Sykes & Co. our agents in Mobile, who will pay it on presentation." That upon this request, plaintiffs sent the note to Rhea, S. & Co., and informed the defendants they had done so. That the defendants sent cotton to Rhea, S. & Co., who were their factors, which they sold, and delivered the note to defendants, in accounting for the proceeds of the cotton; but never paid it to plaintiffs. Rhea, S. & Co. have failed.

The plaintiffs asked the court to charge, that upon the facts as above stated, if believed by them, they were entitled to recover; which charge the court refused to give, and they excepted. This is now assigned as error.

WOODWARD, for the plaintiffs in error.

The letter requesting plaintiffs to send the note to Rhea, Sykes & Co., was in such terms as authorized plaintiffs to send the note directly to Rhea, Sykes & Co.; and if so, Rhea,

Sykes & Co. were the agents of defendants, and defendants were bound to see to the proper application of funds placed in the hands of their agents, and if they placed means in their hands for the payment of the note, which was never paid to plaintiffs, they are still liable, although Rhea, Sykes & Co. delivered them the note.

But if Rhea, Sykes & Co. were not the agents of Kidd & Co., but the agents of Cromwell, Haight & Co., then the transfer of the note in satisfaction of a previously existing liability of Rhea, Sykes & Co. to Kidd & Co., was no payment of the note, and Kidd & Co. are still liable to plaintiffs for the amount of it. Bailey on Bills, 114, note, v; 5 Johns. Ch. 54; Johns. Rep. 637; Bailey on Bills, 131, and note, g; Ib. 133-4 and 394, note, 62.

If Rhea, Sykes & Co. were the agents of both, Kidds are liable. Chit. on Bills, 201-2. And if either of these positions be right, the court erred in refusing the charge requested. The plaintiff could sue upon the original consideration, beyond doubt, under the circumstances of this case. 10 Ala. Rep. 755.

S. F. RICE, for defendant in error.

1. There was evidence tending to show, that Rhea, Sykes & Co. were the agents of the plaintiff, to receive the money due on the note, and that they were also the agents of the defendants to make the payment of the note. As Rhea, S. & Co. were thus the agents of both parties, the note was discharged as soon as they received the money appropriated by the defendant for its payment. It can make no difference that they received the money from the proceeds of the sales of defendants' cotton. It is enough if they received the money, as the agents of the plaintiffs for that purpose, and surrendered the note *bona fide* to the defendants.

The evidence shows, that the note was made payable at the office of Rhea, Sykes & Co. at Mobile—that it had been in their possession before its maturity; and that they were the agents of the plaintiffs to receive the payment, and to surrender the note on receiving the money. If the plaintiffs have never received their money from their agents, Rhea, S.

& Co., that gives them no right to compel the defendants to pay the note a second time. The plaintiffs must look to Rhea, S. & Co. for their money.

The charge asked by the plaintiffs' counsel was properly refused, because it assumes that the defendant is liable in this action, if Rhea, Sykes & Co. were the agents of the defendants, and have never paid over the money to the plaintiffs, although Rhea, Sykes & Co. were the agents of the plaintiffs, as well as the agents of the defendants. There was no error in refusing to give the charge, because it does not refer to the jury the question, whether Rhea, Sykes & Co. were not the agents of the plaintiffs, to receive payment of the note, and to surrender the note. Only a small portion of the evidence is set out in the bill of exceptions, and no error is affirmatively shown, in the refusal to charge as asked by plaintiffs. The evidence on which the charge was based, is not pretended to be set forth. But only a small portion of the evidence is set out, and the request to charge does not even profess to be based upon the portion thus set forth. All presumptions are made against the party excepting.

COLLIER, C. J.—The defendants, in writing to the plaintiffs thus, " return the note to Rhea, Sykes & Co. our agents in Mobile, who will pay it on presentation," must be understood to have meant what the language employed indicates, viz : that the note should be paid by Messrs. R, S & Co. if it was presented or returned to them. It cannot be important as to the manner of its presentation or transmission. The terms used, authorized the inference that the defendants' agents had received instructions to take up the note upon its being presented for payment, either through the medium of the post office or otherwise. No neglect seems to be attributable to the plaintiffs—they confided in the assurance of the defendants, promptly complied with their request, and that the latter might quicken the diligence of their agents, informed them of what they had done.

The fact that the note was payable at the office of Messrs. R, S & Co. and protested for non-payment at its maturity, when connected with other facts disclosed, show, that by the

return of the note, the plaintiffs should transmit it to them, or cause it to be presented; and upon doing either, the defendants engage it shall be paid. It cannot be inferred that R, S & Co. were the agents of the plaintiffs for the collection of the note when it was returned, whatever may have been their character when it was in their hands to receive the amount of it upon its maturing. It is not unworthy of remark, that the defendants, when advised that the note had been returned, made no objection to it; thus leaving it to be inferred, that such was the disposition they desired to be made of the note.

In no point of view, can we consider the letter of the defendants less potent than an undertaking for the fidelity and punctuality of their agents, and if they have been deceived, or prejudiced, they must abide the consequences. The fact that R, S & Co. are still the debtors of defendants, even after delivering up to them the note in question, and receiving a credit for the amount, can have no influence upon the plaintiffs' right to recover. This view is decisive of the case, and we have but to add, that the judgment is reversed and the cause remanded.